FILED
United States Court of Appeals
Tenth Circuit

May 1, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYMEND LEE SCOTT, JR.,

    Defendant - Appellant.

No. 18-6208
(D.C. No. 5:17-CR-00107-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **EID**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the appeal waiver contained in Raymend Lee Scott, Jr.'s plea agreement. We grant defense counsel's motion to withdraw, grant the government's motion to enforce Mr. Scott's appeal waiver, and dismiss the appeal.

Mr. Scott pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 846. Both the written plea agreement and the Petition to Enter Plea of Guilty indicated that the statutory maximum penalty for the offense is twenty years' imprisonment,

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*see* 21 U.S.C. § 841(b)(1)(C), but that the parties had stipulated pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the appropriate sentence was 84 months of imprisonment. The plea agreement included a broad waiver of Mr. Scott's appellate rights, which provided that "[i]f [Mr. Scott] receives a sentence of 84 months of incarceration, he waives his right to appeal his sentence, including . . . the manner in which the sentence is determined." Mot. to Enforce, Attach. 1 at 6.

By signing the written plea documents, Mr. Scott certified that he had discussed the written plea documents with counsel and that he understood and accepted the terms of the plea agreement, including the agreed-upon prison sentence and appeal waiver. He confirmed that his plea was knowing and voluntary and that no other promises had been made to him about sentencing.

At his change of plea hearing, Mr. Scott again confirmed that he had read and discussed the written plea documents with counsel before signing them and assured the court that he understood them. When the court reminded Mr. Scott that the parties had agreed that the appropriate sentence was 84 months in prison and that he had agreed to waive his right to appeal that sentence, he confirmed that the court's advisement was consistent with his understanding of the plea agreement. He told the court that no other promises had been made to him "to get [him] to plead guilty," Mot. to Enforce, Attach. 2 at 17, and that he was entering his plea knowingly and voluntarily. Mr. Scott assured the court that he understood the court's questioning, and when the court asked whether there was "anything at all about this proceeding that you're unclear about or any additional question[s] or information of any sort that

2

you need or desire," he responded "No. No, Sir." *Id.* at 24. The court then accepted Mr. Scott's guilty plea and, at the subsequent sentencing hearing, imposed the agreed-upon 84-month prison sentence.

Despite the broad appeal waiver in his plea agreement, Mr. Scott filed a notice of appeal. The government moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam). Citing *Anders v. California*, 386 U.S. 738, 744 (1967), Mr. Scott's counsel responded to the government's motion, stating that Mr. Scott has no non-frivolous argument against enforcement of his appeal waiver and requesting permission to withdraw from representing him. *See id*.

Mr. Scott then filed a pro se response to the motion to enforce in which he requested substitute counsel. He complained about counsel's representation of him and about the fact that the sentence was imposed after he was removed from the courtroom. He also maintained that the transcripts of both the change of plea and sentencing hearing are inaccurate. But nothing in his response challenges the validity or enforceability of his appeal waiver, and he did not file a supplemental response despite having been given an opportunity to do so after the court denied his request for substitute counsel.

In evaluating a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d

3

at 1325. We have reviewed the proceedings in accordance with our obligation under *Anders*, *see* 386 U.S. at 744, and we conclude the *Hahn* factors have been satisfied and that there is no non-frivolous argument to make against enforcing the appellate waiver. Accordingly, we grant the motion to enforce and dismiss this appeal. We also grant counsel's motion to withdraw.

Entered for the Court
Per Curiam